UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WALTER A. NOLAND                                                              PETITIONER

v.                                                      CIVIL ACTION NO. 3:11-CV-195-S

COOKIE CREWS, WARDEN                                      RESPONDENT

## REPORT AND RECOMMENDATION

This matter is before the court on Walter A. Noland's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petitioner seeks relief on grounds of ineffective assistance of counsel. The respondent, Cookie Crews, argues the petition should be denied under the statute of limitations and on the basis of procedural default. The court referred this matter to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) for a report and recommendation. For reasons stated below, the magistrate judge will recommend denying the petition.

### I. FINDINGS OF FACT

1)       The petitioner pleaded guilty on January 11, 2005, pursuant to a plea agreement, to first degree arson and second degree burglary, as charged in an indictment of September 2004. The petitioner admitted he intentionally set fire to the home of his ex-girlfriend. The petitioner also admitted that although intoxicated at the time, he intended to violate the law, set the fire, and further explained he attempted to set fire to himself. The court accepted the plea and sentenced the petitioner in accordance with the plea agreement to twenty years' imprisonment on the arson charge, concurrent with five years' imprisonment on the burglary charge. The court entered the judgment of conviction on March 21, 2005. The petitioner did not appeal.

2) The soonest the petitioner sought state post-conviction relief was on or about June 8, 2006, under Kentucky Rule of Criminal Procedure 11.42 – more than fourteen months after final conviction. After an evidentiary hearing, the trial court denied relief.[1]

3) The petitioner appealed, and the Kentucky Court of Appeals affirmed. The Supreme Court of Kentucky denied discretionary review on August 18, 2010. The petitioner filed this federal habeas petition on or about April 1, 2011.

## II.  CONCLUSIONS OF LAW

4) The petitioner claims trial counsel provided ineffective assistance, warranting federal habeas relief, for inadequately investigating and misadvising him of the defense of voluntary intoxication. Had he received non-deficient counsel of this defense, the petitioner argues, he would not have accepted the plea deal of twenty years – the minimum sentence for first degree arson.

5) The state court, on collateral review, rejected this claim on the merits. The respondent argues that federal review of the merits, however, is not available because the petition is time-barred. The magistrate judge agrees the statute of limitations bars the voluntary intoxication claim of ineffective assistance of counsel.

6) State prisoners must petition for federal habeas relief, as a general rule, within a one-year limitation period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). "The limitation period shall run from ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

---

[1] The petitioner's signature is dated June 8, 2006; the date of filing is August 7, 2006. (Rule 5 Limited Answer at 13 (DN 12) (hereinafter "Answer").

28 U.S.C. § 2244(d)(1) (providing, also, that certain circumstances, if applicable, will instead trigger the clock at a later date). Even after the one-year limitation period begins to run, certain post-conviction proceedings in state court will toll the statute. *See* § 2244(d)(2). However, the tolling provision does not ... revive the limitations period (i.e. restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal quotations omitted).

7) The magistrate judge concludes the voluntary intoxication claims are time-barred. The petitioner's conviction became final, for purposes of § 2244(d), thirty days after the date of conviction, March 21, 2005, when the time for seeking direct review of the conviction expired, in April 2005. *See* KY. R. CR. PROC. 12.04. Thus, the one-year limitation period expired in April 2006. The petitioner does not benefit, moreover, from the tolling provision, § 2244(d)(2), because the limitation period expired before the petitioner filed the motion for post-conviction relief in June 2006.

8) In addition, the magistrate judge concludes there is no basis for equitably tolling the statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) and *Hall v. Warden*, 662 F.3d 745 (6th Cir. 2011) (tolling unavailable absent diligent pursuit of remedies and extraordinary circumstances).

9) The petition contains an additional ineffective assistance of counsel claim, which, the parties agree, accrued at a later date under § 2244(d). The petitioner claims that counsel misadvised him of his parole eligibility. Kentucky law delays parole eligibility for violent offenders until they have served 85% of their sentences, KY. REV. STAT. ANN. § 439.340(1).

Trial counsel misadvised the petitioner by letter that he would not be considered a violent offender and, thus, eligible for parole after serving 20% of his sentence.[2] Defense counsel explained that the 85% law applied to first degree arson only if there is "accompanying serious physical injury, rape, etc. ... [but that the petitioner's] other charge of burglary second degree, a class C felony, ... [did] not fall within the violent offender statute."[3] Counsel's explanation turned out to be incorrect, and corrections officials determined that first degree arson is a violent offense subject to Kentucky's 85% law.

10) The petitioner argues this claim is not time-barred because the underlying facts were later discovered. Indeed, § 2244(d) contains a discovery rule, which provides that the limitation period shall run from "the date on which the factual predicate of the claim ... presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

11) The respondent argues that even under the discovery rule, the parole-advice claim is time-barred because the limitation period began to run in April 2005. At the evidentiary hearing on the petitioner's motion to vacate, the petitioner testified that he "was aware of the possibility that this was not a 20% crime as early as ... April ... 2005.[4] On the other hand, there is no dispute that corrections officials regarded the petitioner as a 20% felon until August 7, 2007, when corrections "reclassified" the petitioner as a violent offender ineligible for parole until 2017 under the 85% law.[5]

---

[2] Letter dated January 15, 2005 -- four days after entry of the guilty plea. (Answer at 7).

[3] Supplemental Reply at 7-8 (DN 18) (hereinafter "Reply").

[4] Answer at 9.

[5] Answer at 15; Reply at 9. Initially, in April 2005, corrections officials classified the petitioner under the 85% law, but the petitioner provided the January 15th letter from counsel, and he was then classified under the 20% rule. On August 7, 2007, however, the petitioner was reclassified as a violent offender, delaying parole eligibility by

12) Because no remedy was necessary until corrections officials actually took the position in August 2007 that the 85% rule applied, the petitioner's claim of ineffective assistance of counsel was premature and lacking a factual predicate, i.e., attorney error. This factual predicate existed at the earliest, then, in August 2007, not as the respondent argues in April 2005.[6]

13) The question arises whether in August 2007, the petitioner's already pending motion to vacate tolled the limitation period on the parole-advice claim. The magistrate judge concludes that it did not. Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending is not counted toward any period of limitation for filing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.

The original motion to vacate did not include the new claim of that counsel misadvised the petitioner of his parole eligibility. Indeed, collateral counsel waited until appearance at the evidentiary hearing, March 10, 2008, to move for leave to amend the motion with the addition of this new claim. The petitioner contends counsel disregarded his urging to amend the motion immediately upon discovery, in August 2007.[7] Nevertheless, it appears from attorney-client correspondence that counsel made a deliberate, tactical decision to "spring it on" the prosecution

---

thirteen years. The petitioner again presumably filed a grievance, or some internal corrections process, and received a final denial by letter, dated October 8, 2007. (Reply at 6, 9).

[6] The issue arises whether the parole claim accrued only after a final decision by corrections officials to delay the petitioner's parole eligibility under the 85% law. The magistrate judge observes that although the exhaustion of state remedies is a precondition to suit under § 2254, the availability of a state remedy does not negate the "factual predicate" or the discovery of counsel's error in predicting parole eligibility, for purposes of determining when a claim accrues under § 2244(d)(1)(D). *See* 16A Federal Procedure, Lawyers Ed., § 41:349 (2013).

[7] Reply at 9.

during the evidentiary hearing with no prior notice, more than six months after learning that corrections officials delayed the petitioner's parole eligibility under the 85% law.[8] In due course, the trial court ruled the ineffective assistance of counsel claim regarding parole was untimely, and in the alternative, denied the claim on the merits. The Kentucky Court of Appeals affirmed, October 9, 2009.[9]

14) Although the motion to vacate was pending at the time the counsel-parole claim accrued in August 2007, the limitation period was not tolled until the collateral proceedings included the "pertinent claim," no sooner than the motion to amend, March 10, 2008.[10] Thus, more than six months transpired before the limitation period could be arguably tolled under the statute. After collateral review ran its course, with the denial of discretionary review by the Supreme Court of Kentucky on August 18, 2010, another seven-plus months transpired. With a statutory tolling credit, then, the petitioner's counsel-parole claim is time-barred. The limitation period expired on or about January 29, 2011, some three months prior to the filing of the petitioner's federal habeas petition.

15) Although the claim of ineffective assistance regarding parole eligibility is time-barred, the court must consider whether the failure to file within the deadline should be excused under the doctrine of equitable tolling. In the magistrate judge's view, counsel's decision to sandbag the prosecution by waiting until the evidentiary hearing to move for the addition of the counsel-parole claim is an extraordinary circumstance under *Pace*, 544 U.S. at 418. The

---

[8]Answer at 17.

[9]Answer, Appendix at 169.

[10]It is an open question whether a motion for leave to amend a post-conviction motion with the addition of a newly discovered claim is ever "properly filed" when, as here, the state court denies leave for its untimeliness.

petitioner himself showed diligence in pursing his remedies but counsel error provided the basis for default of this claim, in the state court's ruling.

16) In addition to the statute of limitations as grounds for dismissal, the respondent argues, alternatively, that the parole claim should be denied on the basis of procedural default. This doctrine holds that on federal habeas review "claims forfeited under state law may support federal habeas relief only if the prisoner demonstrates cause for the default and prejudice from the asserted error," *House v. Bell*, 547 U.S. 518, 536 (2006); *Tolliver v Sheets*, 594 F.3d 900, 928 (6th Cir. 2010), or shows that a miscarriage of justice will result from enforcing the procedural default in the petitioner's case, *Seymour*, 224 F.3d at 549-50 (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)).

17) Because collateral counsel's error falls short of ineffective assistance, there being no Sixth Amendment right to counsel in post-conviction proceedings, *Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005), the petitioner's circumstances may not satisfy the cause and prejudice test for excusing the state default. There are factual nuances, nevertheless, which complicate a procedural default analysis. The magistrate judge thus concludes a procedural default ruling is not necessary to a determination of this claim, because the petitioner's parole claim plainly lacks merit. *See Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) (holding that ruling on a procedural default defense is not necessary if the petitioner cannot prevail on the merits).

18) To establish ineffective assistance of counsel in the context of a conviction on a guilty plea, the petitioner must show that his counsel's performance was deficient and that but for counsel's error, there is a reasonable probability he would not have pleaded guilty. *Hill v.*

*Lockhart*, 474 U.S. 52, 58 (1985) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). The state court determined that under this standard, the petitioner could not establish prejudice. The petitioner's sentence exposure for first degree arson was fifty years, but by pleading guilty under an agreement to a twenty year sentence, the petitioner averted this significant sentence risk, if he had proceeded to trial.[11] The state court reasoned that in light of the significantly lesser sentence, coupled with the fact that eligibility is no guarantee of parole, there was no reasonable probability the petitioner would have not accepted the plea deal.[12]

19) The petitioner argues new case law supports his position that misadvising a defendant of his parole eligibility constitutes ineffective assistance of counsel, citing *Jacobi v. Commonwealth*, 2011WL1706528 (Ky. Ct. App. 2011) (unreported opinion which is also electronically unavailable). The petitioner contends *Jacobi* extended the holding of *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010), that misadvising a defendant of the deportation consequences of a guilty plea constitutes ineffective assistance, to misadvising a defendant of his parole eligibility.

20) This argument misapprehends, however, the relevant conditions for granting habeas relief. Section 2254(d) provides relief from a state court adjudication of a claim if it resulted in a decision that contradicted or unreasonably applied "clearly established Federal law, as determined by the Supreme Court of the United States … ." *See also Williams v. Taylor*, 529 U.S. 362, 411 (2000) and *Cullen v. Pinholster*, 131 S.Ct. 1388, 1400 (2011) (habeas relief also available if the state court's decision was based on an unreasonable determination of fact in light of the record before it).

---

[11]App. at 170.

[12]App. at 171.

21) The petitioner carries the burden to point to clearly established federal law, as determined by the Supreme Court of the United States – not the highest court of a state – that the state court unreasonably applied in his claim. *Gagne v. Booker*, 688 F.3d 493, 509 n.16 (6th Cir. 2012). The petitioner cannot meet this burden. On the issue of parole eligibility, specifically, the Supreme Court has stated, "We have never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary." *Hill v. Lockhart*, 474 U.S. at 56; *McAdoo v. Elo*, 365 F.3d 487, 495 (6th Cir. 2004). "Where the defendant is fully aware of the likely consequences when he pleaded guilty it is not unfair to expect him to live with those consequences." *Mabry v. Johnson*, 467 U.S. 504, 511 (1984) (internal quotations omitted) (abrogated in part on other grounds by *Puckett v. United States*, 129 S.Ct. 1423 n.1 (2009)).

22) As long as a defendant has clear notice regarding the maximum sentence that may be imposed after entering a guilty plea, the defendant cannot later challenge the voluntariness of the plea because of an expectation of parole due to an unprofessional error of trial counsel. *See id.*; *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir. 1991). There is no dispute the petitioner was advised during the plea colloquy that he could face up to twenty years' imprisonment and that there was no guarantee of parole. Thus, the magistrate judge concludes the petitioner cannot show prejudice and that, therefore, this ineffective assistance of counsel claim plainly lacks merit.

23) The magistrate judge will therefore recommend that the court deny the claim of ineffective assistance of counsel regarding parole eligibility on the merits, rather than under the statute of limitations or the doctrine of procedural default.

## III. RECOMMENDATION

The magistrate judge recommends that the court deny the petition, in part, under the statute of limitations, § 2244(d), and the remainder for failure to satisfy conditions for granting habeas relief under § 2254(d) and (e).

## IV. CERTIFICATE OF APPEALABILITY

If the district court agrees with the magistrate judge's recommendation in this matter, it must determine whether a certification of appealability should issue. Before seeking an appeal, a habeas petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253. This does not require a showing that the appeal will succeed. *Slack v. McDaniel*, 529 U.S. 473 (2000). Rather, the petitioner must show that reasonable jurists could find debatable whether the petition should be resolved in a different manner or that the matter deserves further review. *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The magistrate judge concludes no reasonable jurist could find debatable the conclusion that the claims in this petition is time-barred, in so far as it contains claims of ineffective assistance of counsel with respect to the defense of voluntary intoxication, and that the remaining ineffective assistance of counsel claim related to parole eligibility fails on the merits. Therefore, the magistrate judge recommends denying a certificate of appealability.

DATE:

## **N O T I C E**

Within fourteen (14) days after being served a copy of these proposed findings of fact, conclusions of law, and recommendation, any party who wishes to object must file and serve written objections, or further appeal is waived. *Thomas v. Arn*, 782 F.2d 813 (6th Cir. 1984); 28 U.S.C. § 636(b)(1)(C). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof.