UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WALTER NOLAND   PETITIONER

v.   CIVIL ACTION NO. 3:11-CV-195-CRS

COOKIE CREWS, WARDEN   RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed *pro se* by Petitioner Walter Noland ("Petitioner"). In accordance with 28 U.S.C. § 636(b)(1)(A), the matter was referred to United States Magistrate Judge James D. Moyer for proposed findings of fact and recommendations. In his Report and Recommendation, Judge Moyer recommends that the petition be denied on the ground that Petitioner has failed to establish a violation of his Sixth Amendment right to effective assistance of counsel. Pursuant to 28 U.S.C. § 636(b)(1)(C), Petitioner has raised several objections to the Report, with respect to which this Court must now make a *de novo* determination.

However, Petitioner's objections are based entirely on irrelevant factual and legal arguments, misinterpretations of the Report, and reiterations of arguments set forth in his petition.[1] Thus, because "[p]oorly drafted objections, general objections, or objections that

---

[1] For example, Petitioner's first objection argues that the magistrate judge incorrectly stated that "Petitioner admitted he intentionally set fire to the home of his ex-girlfriend." (Report and Recommendation, DN 22, at 1). According to Petitioner, he "never admitted to intentionally setting fire to the house" but stated only that "he did not remember." (Petitioner's Objections, DN 24, at 1–2). However, regardless of whether Petitioner admitted to intentionally setting fire to the house, the magistrate judge's alleged error has no bearing whatsoever on the procedural or substantive merit of his habeas petition. Thus, Petitioner's first objection is legally irrelevant and does not warrant consideration.
  Similarly, Petitioner's second objection argues that the magistrate judge incorrectly concluded that his

require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal," *United States v. Mullikin*, No. 5:05-162-JMH, 2013 WL 3107560 (E.D. Ky. June 18, 2013) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1992)), the Court will not address the substance of Petitioner's objections.

Having determined that Petitioner's objections do not warrant consideration, the Court will adopt the Report and Recommendation in its entirety. Moreover, because we agree that no reasonable jurist could dispute the conclusions set forth therein, the Court will deny a certificate of appealability.

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the Report and Recommendation of the United States Magistrate Judge (DN 22) is **ACCEPTED AND ADOPTED IN ITS ENTIRETY** and the objections of Petitioner Walter Noland (DN 24) are **OVERRULED**. Further, for the reasons stated, a certificate of appealability will be **DENIED** as to each claim asserted in the petition.

A separate judgment will be entered in accordance with this memorandum opinion and order.

**IT IS SO ORDERED.**

Charles R. Simpson III, Senior Judge
United States District Court

December 4, 2013

cc:
Counsel of Record
Petitioner, *pro se*

---

ineffective assistance of counsel claim was time-barred. However, the basis for Petitioner's objection does not even begin to address the applicable statute of limitations or even the possibility of equitable tolling. Instead, Petitioner simply reiterates the standard for granting habeas relied under 28 U.S.C. § 2254 and ultimately concludes that, because he was arrested while drunk, proven to be highly intoxicated at the time of the commission of the crime, and ultimately diagnosed with severe alcoholism, his conviction was therefore "based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." (Petitioner's Objections, DN 24, at 3). Without more, the Court simply cannot intelligibly address Petitioner's second objection.
    Because the remainder of Petitioner's objections suffer from similar defects, the Court concludes that the do not warrant consideration.