UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WALTER A. NOLAND              PETITIONER/APPELLANT

v.                  CIVIL ACTION NO. 3:11-CV-P195-S

COOKIE CREWS                RESPONDENT/APPELLEE

## MEMORANDUM AND ORDER

The Sixth Circuit Court of Appeals has remanded this case for the limited purpose of determining whether Petitioner's December 23, 2013, motion may be treated as a motion pursuant to Fed. R. App. P. 4(a)(5) for an extension of time in which to file a notice of appeal and, if appropriate, for a ruling on that document. That December 23, 2013, motion (DN 27), entitled "Motion for Extension of Time to File Motion for Rehearing or, Motion into 6th Circuit Court of Appeals for a Certificate of Appealability," did ask this Court for a 30-day extension of time to appeal. *See* DN 27 ("Therefore, Petitioner moves this Honorable Court to grant Petitioner a (30) thirty day extension of time to file his appeal . . ."; "Wherefore, Petitioner prays this Court will grant his request for thirty (30) day extension to appeal.")

Under Fed. R. App. P. 4(a)(5),

> The district court may extend the time to file a notice of appeal if:
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

"A showing of good cause requires a demonstration that forces beyond the control of the appellant prevented him from filing a timely notice of appeal." *Douglas v. Swing*, 482 F. App'x 988, 989 (6th Cir. 2012) (per curiam). "Excusable neglect is a strict standard that will be found only in extraordinary cases." *Id.*

The reasons given by Petitioner for the requested extension of the time to file a notice of appeal were that (1) the prisoner who had been assisting Petitioner had his own deadline to appeal to the Sixth Circuit Court of Appeals and had no time to assist Petitioner and (2) the prison law library and copy room would be closed from December 24, 2014, until January 6, 2014, "making it impossible for Petitioner Noland to appeal the denial of his petition for a writ of habeas corpus within the normal time it is due." It does not appear that these reasons constituted excusable neglect or good cause to file a late notice of appeal because to file a notice of appeal does not require research, a law library, or a copy room. *See Jackson v. United States*, Nos. 1:10-cv-4, 1:00-cr-23, 2011 WL 3300368, at *4 (E.D. Tenn. Aug. 1, 2011) ("[L]egal services of the staff, law library clerk, or jail house lawyer are not needed to prepare a notice of appeal.").

A notice of appeal simply must specify the party or parties taking the appeal; "designate the judgment, order, or part thereof being appealed; and . . . name the court to which the appeal is taken." Fed. R. App. P. 3(c)(1). The Federal Rules of Appellate Procedure caution that "[a]n appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." Fed. R. App. P. 3(c)(4). "Any document that meets the requirements of Rule 3(c) and is filed within the time prescribed by Rule 4(a) can function as a notice of appeal." *McMillan v. Barksdale*, 823 F.2d 981, 983 (6th Cir. 1987).

Petitioner's motion (DN 27) was filed within the 30-day appeal period of the Court's Judgment entered December 5, 2013, dismissing this case. Additionally, that motion makes clear that Petitioner is the party wishing to appeal and that he wishes to appeal the December 5,

2013, judgment entered by the Court. Petitioner does not explicitly mention the Sixth Circuit Court of Appeals in relation to filing a notice of appeal but does do so with regard to wanting to file for a certificate of appealability. Moreover, the Sixth Circuit has held that "[w]hen there is only one appellate forum available to a litigant, there are neither administrative concerns nor fairness concerns that should prevent the appeal from going forward if, through inadvertence, an appellant has failed to name the court to which the appeal is taken." *Dillon v. United States*, 184 F.3d 556, 558 (6th Cir. 1999) (en banc) (internal quotation marks omitted). Thus, the Court finds that Petitioner's motion sufficiently names the court to which he wishes to appeal.

The Court finds that the December 23, 2013, motion (DN 27), entitled "Motion for Extension of Time to File Motion for Rehearing or, Motion into 6th Circuit Court of Appeals for a Certificate of Appealability," is a notice of appeal. *See Isert v. Ford Motor Co.*, 461 F.3d 756, 762 (6th Cir. 2006) ("[A]n extension-of-time motion frequently will satisfy the modest requirements of Rule 3(c)."). The Clerk of Court is **DIRECTED** to refile DN 27 as a notice of appeal.

Date: August 15, 2014

Charles R. Simpson III, Senior Judge
United States District Court

cc: Petitioner/Appellant, *pro se*
Respondent/Appellee
Clerk, Sixth Circuit Court of Appeals (No. 14-5628)
4411.009

3